1:15-cv-244 (DNH/CFH)

# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT                                                              COUNTY OF SCHENECTADY

---

QUICK RESPONSE COMMERCIAL DIVISION, LLC. as Assignee of
CONIFER PARK, INC.,

                                     Plaintiff,         **SUMMONS**
                      -against-                              **WITH NOTICE**
                                                          Index #

CONTINENTAL CASUALTY COMPANY,                2015-241
                                     Defendant.

---

Plaintiff designates Schenectady County as the place of Trial. **Basis of venue:** business address of Conifer Park and location of the restoration and construction subject to the litigation is 79 Glenridge Road, Town of Glenville, Schenectady County.

---

To the above named Defendant: CONTINENTAL CASUALTY COMPANY

**YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance on plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the state of New York.

Dated: January 26, 2015

Defendant's Address for service: c/o New York State Department of Insurance
Business address: P. O. Box 8317, Chicago, Illinois 60680-8317

FILED
02/02/2015 3:07:05 PM
County Clerk
JOHN J. WOODWARD
SCHENECTADY COUNTY, NY
Inst Num: 201504377

**NOTICE:** The nature of this action is for compensatory damages and consequential damages arising in breach of contract and breach of implied duty and covenant of good faith and fair dealing.

The relief sought is compensatory damages and consequential damages.

**WARNING:** Upon your failure to appear, judgment may be taken against you by default for compensatory Damages in the sum of $816,757, consequential damages of interest at 18% per year from July 11, 2014, consequential damages of attorneys fees costs and expenses to be determined by the court, the relief requested in the complaint, plus the attorney fees, costs and disbursements of this action together with such other and further relief as the court deems just and proper.

                                                    _____
                                                    FRANK M. PUTORTI, JR., P.C.
                                                    Attorneys for Plaintiff
                                                    1338 Union Street
                                                    Schenectady, New York 12308
                                                    Telephone: (518) 382-1044
                                                    Fax: (518) 372-3686
                                                    E-mail: frank@putorti.com

STATE OF NEW YORK
SUPREME COURT                                           COUNTY OF SCHENECTADY

---

QUICK RESPONSE COMMERCIAL DIVISION, LLC. as Assignee of
CONIFER PARK INC.,

**VERIFIED COMPLAINT**

Index #: 2015-241

Plaintiff,

-against-

FILED
02/02/2015 3:07:05 PM
County Clerk
JOHN J. WOODWARD
SCHENECTADY COUNTY, NY
Inst Num:          201504377

CONTINENTAL CASUALTY COMPANY,

Defendant.

---

The plaintiff, Quick Response Commercial Division, LLC., as Assignee of Conifer Park, Inc., by and through its attorneys, Frank M. Putorti, Jr., P.C., complaining of the defendant, Continental Casualty Company, respectfully alleges:

### AS TO ALL CAUSES OF ACTION

1. The plaintiff, Quick Response Commercial Division, LLC, (hereinafter referred to as Quick Response) is a limited liability company, with a principal place of business at 2077 Route 9, Round Lake, Saratoga County, New York.
2. Conifer Park, Inc. (hereinafter referred to as Conifer Park) is a corporation with a principal place of business at 79 Glenridge Road, Town of Glenville, Schenectady County, New York.
3. Liberty Behavioral Management Corp. (hereinafter referred to as Liberty) was and is a foreign business corporation registered to do business in New York State, doing business within the County of Schenectady, New York State.
4. On or about March 15, 2014, and at times prior and subsequent thereto, Liberty was and is the owner of Conifer Park.
5. On or about March 15, 2014, and at times prior and subsequent thereto, Liberty managed the real estate, personal property, buildings and facility located at and facility known as Conifer Park located at 79 Glenridge Road, Glenville, New York.

1

6. On or about March 15, 2014, and at all times hereinafter mentioned, Conifer Park was the owner of real estate located at and commonly known as 79 Glenridge Road, Glenville, New York.

7. Continental Casualty Company (hereinafter referred to as CNA) is an Insurance Company authorized to do business in New York State.

8. Prior to March 15, 2014, CNA entered in to a contract of insurance with Liberty and/or Conifer Park.

9. Liberty and Conifer Park are insureds pursuant to the insurance policy.

10. Liberty and/or Conifer Park paid insurance premiums to CNA pursuant to the contract.

11. Pursuant to the insurance contract entered into between Conifer Park and/or Liberty and CNA, an insurance policy # RMP4025852560 was issued in favor of Conifer Park and Liberty.

12. All premiums due were paid by Conifer and/or Liberty to CNA.

13. The insurance policy was in full force and effect on or about March 15, 2014.

14. The insurance policy issued by CNA in favor of Liberty and Conifer Park insured Conifer Park from risks of loss by fire flood and other causes, to the real estate located at and commonly known as 79 Glenridge Road, Town of Glenville, Schenectady County, New York State.

15. At the time that Conifer Park and CNA entered into the insurance contract, it was foreseeable that in the event of a loss by flood, Conifer Park and Liberty would hire a fire and flood restoration company to preserve, protect, and secure the property insured from further damage.

16. At the time that Conifer Park and CNA entered into the insurance contract, it was foreseeable that in the event of a loss by flood, Conifer Park would hire a flood restoration company to complete reconstruction and restore the damaged property insured by CNA.

17. At the time that Conifer and CNA entered into the insurance contract, it was foreseeable that in the event of a loss, Conifer Park would enter into a contract with an entity for restoration and construction for a fee.

18. At the time that Conifer Park and CNA entered into the insurance contract, it was foreseeable that the insured would enter into a contract for performance of work, labor, services and materials, and the contract would have the following provisions:

2

   a. Charges are due upon completion of work.
   b. Invoices are sent by contractors upon completion of work.
   c. Payment for the work, labor, services and materials is due within 30 days of completion of services and receipt of invoices.
   d. Invoices may be sent directly to the insurance carriers.
   e. Customers are ultimately responsible for timely payment of all invoices.
   f. A finance charge of 1.5% per month will be applied to any unpaid balances after thirty (30) days.
   g. In the event collection efforts are pursued, the customer will be charged with attorney fees, costs and disbursements.

19. CNA was aware that remediation and construction contracts contain clauses that provide for the customer to pay interest, court costs, attorney fees and expenses if bills are not paid.
20. It was foreseeable to CNA, at the time that the insurance contract was entered into, that insureds would sustain consequential damages of attorney fees, interest at 18% per year, costs, disbursements and expenses in the event they failed to pay invoices when due.
21. CNA, its agents, servants and/or employees were familiar with contracts that provided for restoration and construction due to flood losses.
22. On or about March 15, 2014, Conifer sustained flood damage at their real estate located at 79 Glenridge Road, Glenville, New York.
23. On or about March 15, 2014, Conifer entered into a contract with Quick Response for Quick Response to proceed with its recommended procedures to preserve, protect, and secure from further damage the property located at 79 Glenridge Road, Glenville, New York and to complete construction and restoration work to the premises.
24. Pursuant to the contract entered into between Conifer and Quick Response, all charges were due upon completion of the work.
25. Pursuant to the contract entered into between Conifer and Quick Response, it was agreed that a finance charge of 1.5% per month would be applied toward any unpaid balances after 30 days from the completion of the work.
26. Pursuant to the terms of the contract entered into between Conifer and Quick Response, in the event any legal proceedings were initiated by Quick Response to recover the amount due, Quick Response would be entitled to recover the costs of collection, including attorney fees, costs and disbursements.

27. As a result of the losses sustained, Conifer made claim against CNA pursuant to the terms and conditions of the insurance policy # RMP4025852560
28. The claim made by Conifer was for losses sustained on or about March 15, 2014.
29. The claim made by Conifer was, in part, for contractual payments due from Conifer to Quick Response pursuant to the contract entered into between Conifer and Quick Response on or about March 15, 2014.
30. CNA accepted the claim and assigned a claim number, #E2 B29635.
31. CNA assigned a claim representatives and adjusters to the claim, including an inside adjuster Dawn Walsh at CNA and James Cook of Crawford & Company as an independent adjuster to scope out the loss.
32. CNA assigned adjusters to the claim, including Thomas J. Counts, AIC SCLA, Senior General Adjuster, Large Loss Organization.
33. CNA hired Wakelee Associates, LLC to estimate the construction portion of the claim and Donald Ney of Meridian-Consultants to estimate the mitigation portion of the loss,
34. The individuals assigned to the claim by CNA were agents, servants, employees or contractors of and acted on behalf of CNA.
35. Pursuant to the contract entered into by and between Conifer Park and Quick Response on March 15, 2014, and pursuant to the explicit request of Conifer Park, commencing on March 15, 2014, Quick Response made recommendations and proceeded to preserve, protect, and secure from further damage (*Mitigation*) to the property located at 79 Glenridge Road.
36. Pursuant to the contract entered into by and between Conifer and Quick Response on March 15, 2014, and pursuant to the explicit request of Conifer Park, commencing on or after March 15, 2014, Quick Response proceeded to and completed reconstruction and restoration work (*Construction*) to the premises.
37. Pursuant to the request of Conifer Park and CNA, invoices for the work, labor, services and materials performed and supplied by Quick Response to Conifer Park, were presented and forwarded directly to CNA.
38. Quick Response commenced and completed *mitigation* and *construction* pursuant to the contract, from March 15, 2014 through June 9, 2014 or thereabout.
39. Construction and mitigation was substantially completed on or about June 9, 2014.
40. Punch list items were performed for another three to four weeks thereafter.

4

41. Conifer Park accepted the work, labor, services and materials as being performed in a good, workmanlike and satisfactory manner and signed a written document to this effect on or about June 9, 2014.
42. On or about July 11, 2014, Quick Response submitted a bill to Conifer Park and CNA for *"mitigation"* performed and completed as of June 9, 2014, or thereabout, in the amount of $499,978.22.
43. On or about July 11, 2014, Quick Response submitted a bill to Conifer Park and CNA for *"construction"* work performed and completed as of June 16, 2014 in the amount of $933,267.
44. On or about June 18, 2014, a payment was made by CNA to Liberty toward the *"mitigation"* invoice in the amount of $216,488.02.
45. On or about June 18, 2014, a payment was made by CNA to Liberty toward the *"construction"* invoice in the amount of $400,000.
46. On or about August 11, 2014, the payment was made by CNA to Liberty toward the *"mitigation"* invoice in the amount of $216,488.02, was endorsed and paid over to Quick Response.
47. On or about August 11, 2014, the payment was made by CNA to Liberty toward the *"construction"* invoice in the amount of $400,000, was endorsed and paid over to Quick Response.
48. Based upon the amount invoiced by Quick Response for mitigation in the amount of $499,978.22 minus the payment made in the amount of $216,488.02, result in the balance due for mitigation in the amount of $283,490.20.
49. Based upon the amount invoiced by Quick Response for construction in the amount of $933,267 minus the payment made in the amount of $400,000, result in the balance due for construction in the amount of $533,267.
50. The total due for mitigation and construction is $816,757, plus interest and attorney fees.
51. Interest at eighteen percent (18%) per year is due on the balances of payments not made and is calculated as follows: $816,757 x 18% = $147,016 ÷ 12 = $12,251 per month x 7 months = $85,759.
52. As of February 11, 2015, Conifer owes principal of $816,757, plus interest of $85,759 for a total of $902,516 plus interest at the rate of $12,251 per month from February 11, 2015.

53. As collection proceedings were initiated by Quick Response to recover the amount due, Quick Response is entitled and Conifer Park is obligated to pay Quick Response for the costs of collection including attorney fees, costs and disbursements.
54. On or about March 15, 2014, Conifer Park executed and delivered a written assignment assigning its rights as against CNA to Quick Response for all proceeds due under its applicable insurance policy to pay for services provided by Quick Response as a result of Conifer Park's loss.
55. Based upon the assignment from Conifer Park to Quick Response, Quick Response has standing to bring claim and the above entitled action against CNA.

## FOR A CAUSE OF ACTION
## BREACH OF INSURANCE CONTRACT

56. The plaintiff restate and realleges each and every allegation set forth in paragraphs numbered 1 through 55.
57. CNA failed to make payments to Conifer Park and Quick Response pursuant to the terms and conditions of the insurance contract entered into between Conifer and CNA
58. CNA failed to make payments to Conifer Park as required pursuant to the terms and conditions of the insurance policy #RMP 4025852560.
59. CNA failed and refused to pay the balance due to Quick Response as required by the contract entered into between Quick Response and Conifer Park.
60. CNA otherwise breached the contract entered into between CNA and Conifer Park.
61. As a result of the breach of contract of the defendant, CNA, its agents, servants, employees and contractors, Conifer has been damaged, all to its damage in the amount of $902,516 Dollars, plus interest of $12,251 per month from February 11, 2015.
62. By operation of law, Conifer Park is entitled to receive interest at the rate of nine percent (9%) from the date of the breach until payment is made in full.
63. Pursuant to the terms of the contract entered into between Conifer Park and Quick Response, Conifer Park is obligated to pay Quick Response a higher rate of interest at 18% per year.
64. The interest charges are consequential damages that Conifer Park would not have incurred had CNA adjusted the loss pursuant to the contract of insurance.

65. Attorney fees, disbursements, expenses and costs of collection and litigation are consequential damages that would not have been incurred had CNA not breached their contract with Conifer Park.

66. Due to the assignment of the rights of Conifer Park to Quick Response, Quick Response, as assignor, has been damaged, is entitled to and demands a judgment over and against CNA for compensatory damages in the amount of $816,757, together with consequential damages of interest calculated at 18% in the amount of $85,759 through February 11, 2015, plus consequential damages for additional interest at 18% per year at $12,251 per month until the claims, causes of action and judgment is paid in full, plus consequential damages of attorney fees, costs, expenses and disbursements of collection and of this litigation.

67. Pursuant to the terms of the contract entered into between Conifer and Quick Response, Conifer Park is obligated to pay Quick Response attorney fees, costs and expenses incurred by Quick Response and to be incurred by Quick Response, the total amount of which cannot be calculated until the completion of the litigation.

68. Due to the assignment of the rights of Conifer Park to Quick Response, Quick Response, as assignee, has been damaged, is entitled to and demands a judgment over and against CNA for all attorney fees, costs and expenses of bringing the claim and all attorney fees and costs of bringing the above entitled action until all principal, interest, attorney fees, costs and expenses of suit have been paid in full.

### FOR A CAUSE OF ACTION
### BREACH OF COVENANT OF GOOD FAITH

69. The plaintiff restate and realleges each and every allegation set forth in paragraphs numbered 1 through 68.

70. An insurance contract existed between Conifer Park and CNA.

71. As a result of the insurance contract that existed between the insured, Conifer and the insurer, CNA, the insurer, CNA, had an implied duty and covenant of good faith and fair dealing owed to their insured, Conifer Park.

72. CNA, by and through its agents, servants, employees and independent contractors, had a duty to fairly, timely and accurately adjust the loss sustained by Conifer Park and the claim made by Conifer Park against CNA pursuant to the terms and conditions of the insurance policy.

7

73. CNA, its agents, servants, employees and independent contractors failed to fairly, timely and accurately adjust the claim.
74. CNA is liable for the actions of its agents, servants, employees and independent contractors based upon the doctrine of *respondeat superior.*
75. CNA ratified the actions of its agents, servants, employees and independent contractors.
76. CNA, by and through its agents, servants, employees and independent contractors, had a duty of good faith and fair dealing with respect of the claim.
77. CNA, its agents, servants, employees and independent contractors breached their duty of and breached their covenant of good faith and fair dealing in the manner in which they adjusted the claim following the loss sustained by CNA.
78. The actions of CNA were for the benefit of CNA, without regard or concern for the insured.
79. CNA conducted the adjustment in a manner to attempt to pay as little as possible, without regard for the fair and reasonable value of the work, labor, services and materials provided and in disregard for the contract entered into by the insured.
80. As a result of the failure to fairly, timely and accurately adjust the claim and the result of the failure to act in good faith and failure of fair dealing with the claim, CNA's insured suffered damages, including the remaining invoices due to Quick Response for work, labor, services and materials performed and provided, interest at 18% added to the invoices and resultant legal fees, expenses and costs associated with Quick Response necessity for costs of collection.
81. The interest charges are consequential damages would not have sustained had CNA not breached the implied covenant of good faith and fair dealing.
82. The consequential damage interest charges were foreseeable at the time that the insurance contract was entered into between CNA and Conifer Park but would not have been incurred had CNA not breached their implied covenant of good faith and fair dealing.
83. Attorney fees, disbursements, expenses and costs of collection and litigation are consequential damages that would not have been incurred had CNA not breached the implied covenant of good faith and fair dealing.
84. The consequential attorney fees, disbursements, expenses and costs of collection and litigation were foreseeable at the time the insurance contract was entered into between CNA and Conifer Park and would not have been incurred had CNA not breached the implied covenant of good faith and fair dealing.

85. As a result of the above, Quick Response, as Assignee, has been damaged, is entitled to and demands a judgment against CNA for compensatory damages in the amount of $816,757, together with consequential damages of interest calculated at 18% in the amount of $85,759 through February 11, 2015, plus consequential damages for additional interest at 18% per year at $12,251 per month from February 11, 2015 until the claims, causes of action and judgment is paid in full, plus consequential damages of attorney fees, costs, expenses and disbursements of collection and of this litigation.

**WHEREFORE**, plaintiff Quick Response Commercial Division LLC, as Assignee of Conifer Park, Inc., demands judgment against Continental Casualty Company for:

a. Compensatory damages based upon breach of contract in the amount of $816,757.

b. Consequential damages based upon breach of contract, being interest calculated at 18% in the amount of $85,759 through February 11, 2015.

c. Consequential damages based upon breach of contract, being additional interest at 18% per year, at $12,251 per month until the claims, causes of action and judgment is paid in full and based upon the assignment.

d. Consequential damages based upon breach of contract, being attorney fees, costs, disbursements and expenses of collection and suit, to be determined at the conclusion of the litigation by the court.

e. Compensatory damages based upon breach of implied covenant of good faith and fair dealing in the amount of $816,757.

f. Consequential damages based upon breach of implied covenant of good faith and fair dealing, being interest calculated at 18% in the amount of $85,759

g. Consequential damages based upon breach of implied covenant of good faith and fair dealing, being additional interest at 18% per year at $12,251 per month until the claims, causes of action and judgment is paid in full and based upon the assignment.

9

h. Consequential damages based upon breach of implied covenant of good faith and fair dealing, being attorney fees, costs, disbursements and expenses of collection and suit, to be determined at the conclusion of the litigation by the court.

i. Such other and further relief as the court deems just and proper.

Dated: January 26, 2015

_____
FRANK M. PUTORTI, JR., P.C.
Attorneys for plaintiff
1338 Union Street
Schenectady, New York 12308
Phone :( 518) 382-1044
Fax: (518)372-3686
E-Mail: frank@putorti.com

10

STATE OF NEW YORK
SUPREME COURT                                          COUNTY OF SCHENECTADY

---

QUICK RESPONSE COMMERCIAL DIVISION, LLC. as Assignee of
CONIFER PARK INC.,

                                                        **Verification**

                              Plaintiff,

        -against-

CONTINENTAL CASUALTY COMPANY,

                              Defendant.

---

STATE OF NEW YORK   }
COUNTY OF SARATOGA  } ss.:

I, Robert Serafini, being duly sworn, deposes and say that deponent is the authorized agent and general manger of the plaintiff Quick Response Commercial Division, LLC, the plaintiff in the within action; that deponent has read the foregoing Complaint and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, I believe it to be true and that I verify the contents of this Complaint under penalty of perjury.

                                                _____
                                                        ROBERT SERAFINI

Sworn to before me this
2__ day of January, 2015.

_____
Notary Public-State of New York

              NOELLE M. LONG
        Notary Public, State of New York
         Qualified in Saratoga County
              No. 02LO5075504
         Commission Expires 4/07/20 15

11